```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT E. JUDGE,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           12-CV-02633(JS)

CAROLYN W. COLVIN, Social Security
Commissioner,1

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Robert E. Judge, pro se
                   P.O. Box 327
                   Huntington, NY 11743

For Defendant:     Loretta E. Lynch, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   610 Federal Plaza, 5th Floor
                   Central Islip, NY 11722
```

SEYBERT, District Judge:

On May 22, 2012, plaintiff Robert E. Judge ("Plaintiff") commenced this action pursuant to the Social Security Act, as amended, 42 U.S.C. § 405(g), challenging defendant the Commissioner of Social Security's ("Defendant" or the "Commissioner") denial of his application for disabled adult children's benefits. Currently pending before the Court is the Commissioner's motion to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

---

[1] The Clerk of the Court is directed to amend the docket to reflect that Carolyn W. Colvin is now the Social Security Commissioner.

12(b)(1). For the following reasons, the Commissioner's motion is GRANTED.

BACKGROUND

On April 12, 2005, Plaintiff filed a claim, pursuant to 42 U.S.C. § 402(d)(1), for disabled adult child's benefits based on the earnings of his father, who died on March 28, 1983. See Judge v. Astrue, No. 09-CV-4058, 2011 WL 1810468, at *1 (E.D.N.Y. May 10, 2011). According to § 402(d)(1), an individual may be entitled to disabled adult child's benefits based on the record earnings of an insured deceased person if: (i) the claimant is eighteen years of age or older; and (ii) suffers from a disability that began before he attained twenty-two years of age. Plaintiff, born on January 25, 1955, claimed that he had been disabled since January 5, 1975. Id.

Following a hearing, the Administrative Law Judge ("ALJ") issued a decision on September 19, 2005 denying Plaintiff's application, finding that it was barred by res judicata. Id. The ALJ decided that the application sought the same benefits as a previous application from Plaintiff, which had been denied on September 14, 1995. Id.

Plaintiff next filed an action in the United States District Court for the Eastern District of New York under Docket Number 05-CV-5160 on November 3, 2005. Id. On September 6, 2007, Judge Arthur D. Spatt remanded the case to the Social

Security Administration ("SSA") for additional proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g), when it became apparent that the SSA could not locate copies of the September 14, 1995 decision denying Plaintiff's disabled adult child's benefit application (on which the res judicata ruling was predicated) as well as the notices advising him of that decision, of his right to appeal, and of consequences from failing to appeal. Id.

Following remand, on June 10, 2008, Plaintiff appeared, without counsel, and again testified before the ALJ. Id. The hearing was adjourned to August 20, 2008 in order to obtain medical expert testimony. Id. On August 20, 2008, Plaintiff once again appeared without counsel. Id. At this hearing, the ALJ assessed Plaintiff's claim de novo and concluded that on October 31, 2008 Plaintiff was not disabled prior to January 12, 1977, and therefore not entitled to disabled adult child's benefits.[2] Id. After the Appeals Council declined to assume jurisdiction over Plaintiff's case, the decision of the ALJ became the final decision of Commissioner. Id.

Plaintiff filed another action in the United States District Court for the Eastern District of New York under Docket

---

[2] The ALJ may have inadvertently listed the wrong date, as Plaintiff was born on January 25, 1955.

Number 09-CV-4058. (Def.'s Br., Docket Entry 23, at 2.) On May 5, 2011, this Court remanded that case to the Commissioner for further administrative proceedings because Plaintiff, proceeding pro se, was not fully apprised of his availability to obtain legal representation and thus did not submit a waiver of the right to counsel. See Judge, 2011 WL 1810468, at *3-4. Upon remand, the Appeals Council vacated the October 21, 2008 ALJ decision and remanded the case to a new ALJ for further proceedings. (Def.'s Br. at 3.) On March 20, 2012, following another hearing, the new ALJ issued a decision finding that Plaintiff was not entitled to disabled adult child's benefits. (Def.'s Br. at 3.) Plaintiff timely filed exceptions to that decision with the Appeals Counsel on April 17, 2012. (Def.'s Br. at 3.) While a decision from the Appeals Council was still pending, Plaintiff commenced the instant action. (Def.'s Br. at 3.)

## DISCUSSION

Defendant now seeks to dismiss this action for lack of subject matter jurisdiction. The Court will first address the applicable legal standard before turning to Defendant's motion more specifically.

I. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court

lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Morrison v. Nat'l Australia Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008). The Court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of Plaintiffs because subject matter jurisdiction must be shown affirmatively. See id.; Atlanta Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

II. The Commissioner's Motion to Dismiss

Before a court may properly consider a decision of the Commissioner, § 405(g) requires that a claimant exhaust all available administrative remedies. See Maloney v. Harris, 526 F. Supp. 621, 622 (E.D.N.Y. 1980), aff'd, 657 F.2d 264 (2d Cir. 1981). Even then the Social Security Act authorizes a civil action only to review a "final decision of the Commissioner of Social Security made after a hearing . . . ." 42

U.S.C. § 405(g). What constitutes a "final decision" is defined by the Commissioner's regulations, Weinberger v. Salfi, 422 U.S. 749, 766, 95 S. Ct 2457, 2467, 45 L. Ed. 522 (1975), which establish the administrative process for obtaining a final decision subject to judicial review, 20 C.F.R. § 416.1400(a). Courts have usually deferred to the policy reasons behind this administrative scheme, noting that "an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose . . . ." Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980, 986, 51 L. Ed. 2d 192 (1977).

Here, there is no final decision because the Court remanded to the ALJ, Plaintiff then filed exceptions to the ALJ's decision, and the Appeals Council apparently assumed jurisdiction but did not render its own decision or remand to the ALJ. See 20 C.F.R. §§ 404.983-404.984; see also Jackson v. Asture, No. 09-CV-1290, 2010 WL 3777732, at *1 n.1 (E.D.N.Y. Sept. 21, 2010) ("When a case is remanded by a district court and, in turn, to an ALJ for further proceedings, the decision of the ALJ constitutes the final decision of the Commissioner unless the Appeals Council thereafter assumes jurisdiction (1) at the claimant's request, or (2) absent such request, in its discretion within 60 days after the ALJ's decision.").

Defendant's submissions demonstrate that Plaintiff requested that the Appeals Council take jurisdiction and that the appeal is still currently pending.[3] (See Ortiz Decl., Docket Entry 22, ¶ 4(j) & Ex. 9.) Plaintiff has not disputed this state of affairs. Accordingly, there is no "final decision" before the Court, therefore depriving it of subject matter jurisdiction. See, e.g., Perez v. Apfel, 22 F. App'x 67, 67 (2d Cir. 2001) ("Perez filed her complaint while her request for review of the ALJ's decision was still pending before the Appeals Council. Appellant has therefore failed to exhaust her administrative remedies and, as a consequence, the district court lacks subject matter jurisdiction over her claim."); Martin v. Astrue, No. 07-CV-0928, 2008 WL 314524, at *3 (N.D.N.Y. Feb. 4, 2008) (holding that the court lacked subject matter jurisdiction because the plaintiff filed her complaint only seven days after the ALJ's decision and she therefore did not give the Appeals Council the opportunity to potentially assume jurisdiction).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion is GRANTED and this action is DISMISSED WITHOUT PREJUDICE for lack

---

[3] Defendant indicates that the Appeals Council may have discontinued its review until this Court has made a determination. (See Docket Entry 26.) There is no indication, however, that the Appeals Council has denied review or decided the case.

of subject matter jurisdiction.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to amend the docket to reflect that Carolyn W. Colvin is now the Social Security Commissioner, to mark this matter CLOSED, and to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: September  3 , 2014  
Central Islip, NY